# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| KEVIN BANKS | ) | CASE NO. |
| 6475 Arbor Court | ) | |
| Middletown, OH 45044 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| GREENE COUNTY, OHIO | ) | |
| Greene County Sheriff's Office | ) | **JURY DEMAND ENDORSED** |
| 120 East Main Street | ) | **HEREIN** |
| Xenia, OH 45385 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| DOUG DOHERTY | ) | |
| c/o The Greene County Sheriff's Office | ) | |
| 120 East Main Street | ) | |
| Xenia, OH 45385 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| KELLY EDWARDS | ) | |
| c/o The Greene County Sheriff's Office | ) | |
| 120 East Main Street | ) | |
| Xenia, OH 45385 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| DANIEL FUNK | ) | |
| c/o The Greene County Sheriff's Office | ) | |
| 120 East Main Street | ) | |
| Xenia, OH 45385 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| SCOTT ANGER | ) | |
| c/o The Greene County Sheriff's Office | ) | |
| 120 East Main Street | ) | |
| Xenia, OH 45385 | ) | |
| | ) | |
| -and- | | |

|  |  |
|---|---|
| BRAD BALONIER<br>c/o The Greene County Sheriff's Office<br>120 East Main Street<br>Xenia, OH 45385<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, Kevin Banks, by and through undersigned counsel, states and avers the following for the Complaint against the Defendants:

**PARTIES AND VENUE**

1. Banks is a resident of the City of Middletown, County of Warren, State of Ohio.

2. Greene County of Ohio, Greene County Sheriff's Office ("GCSO") is a county government in the state of Ohio.

3. GSCO is a law enforcement agency in Greene County, Ohio.

4. Doug Doherty is a resident of Greene County, Ohio.

5. Doherty was at all times hereinafter mentioned, an individual who was a Chief at GCSO who acted directly or indirectly in the interest of GCSO.

6. Doherty was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 et seq.

7. Kelly Edwards is a resident of Greene County, Ohio.

8. Doherty was at all times hereinafter mentioned, an individual who was a Chief Deputy at GCSO who acted directly or indirectly in the interest of GCSO.

9. Edwards was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 et seq. and is/was an individual or aided, abetted or assisted in the conduct committed by GCSO.

10. Daniel Funk is a resident of Greene County, Ohio.

2

11. Funk was at all times hereinafter mentioned, an individual who was a Captain at GCSO who acted directly or indirectly in the interest of GCSO.

12. Funk was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 et seq. and is/was an individual or aided, abetted or assisted in the conduct committed by GCSO.

13. Scott Anger is a resident of Greene County, Ohio.

14. Anger was at all times hereinafter mentioned, an individual who was a Sheriff at GCSO who acted directly or indirectly in the interest of GCSO.

15. Anger was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 et seq. and is/was an individual or aided, abetted or assisted in the conduct committed by GCSO.

16. Brad Balonier is a resident of Greene County, Ohio.

17. Balonier was at all times hereinafter mentioned, an individual who was a Major at GCSO who acted directly or indirectly in the interest of GCSO.

18. Balonier was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 et seq. and is/was an individual or aided, abetted or assisted in the conduct committed by GCSO.

19. All of the material events alleged in this Complaint occurred in Greene County.

20. Therefore, personal jurisdiction is proper over Defendants pursuant to R.C. §2307.382(A)(1) and (4).

21. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Banks is alleging a Federal Law Claim under Title VII of the Civil Rights Act of 1964 ("Title VII"),

28 U.S.C. § 2000e, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, and the Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*

22. This Court has supplemental jurisdiction over Banks's state law claims pursuant to 28 U.S.C. § 1367 as Banks's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

23. Venue is proper pursuant to Civ. R. 3(C)(1), (2), (3), and/or (6).

24. Within 300 days of the conduct alleged below, Banks filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 22A-2023-00815 against GCSO, Doherty, Edwards, Funk, Anger, and Balonier ("Banks EEOC Charge").

25. Banks dually filed the Banks EEOC Charge with the EEOC and the Ohio Civil Rights Commission.

26. On or about July 27, 2023, the EEOC issued a Notice of Right to Sue letter to Banks regarding the Banks EEOC Charge.

27. Banks received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

28. Banks has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

29. Banks has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## **FACTS**

30. Banks is a former employee of GCSO.

31. GCSO was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day

during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

32. At all times relevant herein, Banks was employed by GCSO for at least 12 months and had at least 1,250 hours of service with GCSO and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

33. Banks was hired by GCSO in or about April 7, 2000.

34. Banks was employed by GCSO in the position of Sheriff Deputy.

35. Banks is 53 years old.

36. Banks is in a protected class for his age.

37. Banks suffers from diabetes, sleep disorder, high blood pressure, and liver problems. ("Banks' Serious Health Conditions").

38. Due to his Serious Health Conditions, Banks has experienced nausea, difficulty sleeping, heart palpitations, and other symptoms.

39. In the alternative, Defendants perceived that Banks' Serious Health Conditions substantially impaired one or more of his major life activities, including working, sleeping, thinking, focusing, and concentrating.

40. Despite these Serious Health Conditions, Banks was still able to perform the essential functions of his job.

41. In or about November 2021, officers and sheriffs began discriminating against Banks by making negative comments about his age.

42. On or about November 27, 2021, a deputy said to Banks, "It's wintertime, are you going to be able to move fast?"

43. A deputy asked, "Do you need a walker?" ("Age Discrimination Comments").

44. Banks reported the Age Discrimination Comments to Sergeant Dennis Nipper.

45. Over the course of his employment, Banks took intermittent FMLA leave for his Serious Health Conditions.

46. Additionally, Banks' intermittent FMLA leave was also used to care for his mother with serious health conditions.

47. Banks' mother suffered from dementia.

48. The deputies at GCSO made comments to Banks, "FMLA is just a way to take off work." ("Disability Discrimination").

49. The Disability Discrimination comments were made to discourage Banks from using his intermittent FMLA. ("FMLA Retaliation")

50. The Disability Discrimination aggravated Banks' Serious Health Conditions.

51. The Disability Discrimination caused Banks to suffer depression and anxiety.

52. On or about June 22, 2022, Banks had a night shift and arrive an hour early at 5:00 PM to allow for a smooth transition.

53. Banks went to the bathroom toward the start of his shift at 6:00 PM.

54. A call came in while he was in the bathroom, and dispatch took the call and stated Banks "took too long."

55. Banks received a verbal warning for the missed call that occurred while he was on a bathroom break.

56. Other similarly situated, younger employees did not receive verbal warnings for missed calls.

57. Other similarly situated, non-disabled employees did not receive verbal warnings for missed calls.

6

58. Banks requested a hearing to dispute the verbal warning.

59. GCSO denied his request for a hearing.

60. Instead, Defendants retaliated against Banks by changing the verbal warning to a written warning.

61. On or about August 3, 2022, Defendants terminated Banks' employment.

62. As a result of Banks' protected complaints, Defendants were on notice of age discrimination targeted at Banks.

63. Defendants' stated basis for Termination was violation of company policy. ("Stated Basis for Termination").

64. Defendants have a progressive disciplinary policy.

65. Defendants used a progressive disciplinary policy.

66. Defendants used a progressive disciplinary policy for employees who are not over forty years old.

67. Defendants used a progressive disciplinary policy for employees who are not on intermittent FMLA leave.

68. Under the progressive disciplinary policy, Banks had not been given a verbal warning related to the Stated Basis for Termination.

69. Under the progressive disciplinary policy, Banks had not been given a written warning related to the Stated Basis for Termination.

70. Under the progressive disciplinary policy, Banks had not been given a final written warning related to the Stated Basis for Termination.

71. Under the progressive disciplinary policy, Banks had not been given a suspension related to the Stated Basis for Termination.

72. Prior to terminating Banks, Defendants never issued any written communication criticizing Banks for any reason related to the Stated Basis for Termination.

73. The Stated Basis for Termination has no basis in fact.

74. The Stated Basis for Termination did not actually motivate Defendants' decision to terminate Banks' employment.

75. The Stated Basis for Termination was insufficient to motivate the Termination of Banks.

76. The Stated Basis for Termination was pretext to terminate Banks.

77. Defendants did not terminate similarly situated employees for reasons like the Stated Basis for Termination.

78. Defendants' Termination of Banks's employment was retaliation for Banks' intermittent FMLA leave and age discrimination complaints.

79. Defendants terminated Banks's employment because of Banks's age and Serious Health Conditions.

80. By terminating Banks's employment, Defendants made it less likely for a reasonable employee to make a report or oppose conduct like age discrimination.

81. The Termination of Employment constitutes retaliation.

82. The Termination of Employment constitutes age discrimination.

83. Defendants knowing skipped progressive disciplinary steps in terminating Banks's employment.

84. Defendants knowingly terminated Banks's employment.

85. Defendants knowingly took an adverse employment action against Banks.

86. Defendants knowingly took an adverse action against Banks.

87. Defendants intentionally skipped progressive disciplinary steps in terminating Banks' employment.

88. Defendants intentionally terminated Banks's employment.

89. Defendants intentionally took an adverse employment action against Banks.

90. Defendants intentionally took an adverse action against Banks.

91. Defendants knew that skipping progressive disciplinary steps in terminating Banks would cause Banks harm, including economic harm.

92. Defendants knew that terminating Banks would cause Banks harm, including economic harm.

93. Defendants willfully skipped progressive disciplinary steps in terminating Banks' employment.

94. Defendants willfully terminated Banks's employment.

95. There was a causal connection between Banks's protected complaints and the Termination of Employment.

96. There was a causal connection between Banks's intermittent FMLA leave and the Termination of Employment.

97. As a result of Defendants' unlawful acts, Banks has suffered, and will continue to suffer, pecuniary harm.

98. As a result of Defendants' unlawful acts, Banks has suffered, and will continue to suffer, emotional distress.

### COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE ADEA

99. Banks restates each and every prior paragraph of this complaint, as if it were fully restated herein.

100. At the time Banks was fired, he was 53 years old.

101. At all times relevant herein, Banks was a member of a statutorily protected class under 29 U.S.C § 631.

102. Defendants treated Banks differently from other similarly situated employees based on his age.

103. As of August 3, 2022, Banks was fully qualified for his position and employment with GCSO.

104. Banks, at age 53, was a member of a statutorily protected class under the ADEA at the time he was terminated from his employment with GCSO.

105. Banks was terminated from his employment on or about August 3, 2022.

106. After terminating Banks, Defendants replaced Banks with a person who was significantly younger and/or not belonging to the protected class under the ADEA.

107. Defendants violated the ADEA by discriminating against Banks based on his age.

108. As a direct and proximate result of Defendants' conduct, Banks suffered and will continue to suffer damages.

**COUNT II: AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

109. Banks restates each and every prior paragraph of this complaint, as if it were fully restated herein.

110. At the time Banks was fired, he was 53 years old.

111. At all times relevant, Banks was a member of a statutorily protected class under R.C. § 4112.14(B).

112. Defendants treated Banks differently from other similarly situated employees based on his age.

113. As of August 3, 2022, Banks was fully qualified for his position and employment with GSCP.

114. Banks, at age 53, was a member of a statutorily protected class under R.C. § 4112.14(B) at the time he was terminated from his employment with GCSO.

115. Banks was terminated from his employment on or around August 3, 2022.

116. After terminating Banks, Defendants replaced Banks with a person who was significantly younger and/or not belonging to the protected class under R.C. § 4112.14(B).

117. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by discriminating against Banks based on his age.

118. As a direct and proximate result of Defendants' conduct, Banks suffered and will continue to suffer damages.

## COUNT III: RETALIATION IN VIOLATION OF THE ADEA

119. Banks restates each and every prior paragraph of this complaint, as if it were fully restated herein.

120. As a result of Defendants' discriminatory conduct described above, Banks complained about the age discrimination he was experiencing.

121. Subsequent to Banks' reporting of age discrimination to the Defendants, Defendants retaliated against Banks by terminating Banks' employment.

122. GCSO's actions were retaliatory in nature based on Banks' opposition to the unlawful discriminatory conduct.

123. Pursuant to ADEA, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

124. As a direct and proximate result of Defendants' conduct, Banks suffered and will continue to suffer damages.

## COUNT IV: RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

125. Banks restates each and every prior paragraph of this complaint, as if it were fully restated herein.

126. As a result of Defendants' discriminatory conduct described above, Banks complained about the age discrimination that he was experiencing.

127. Subsequent to Banks' reporting of age discrimination to Defendants, Defendants retaliated against Banks by terminating Banks' employment.

128. Defendants' actions were retaliatory in nature based on Banks' opposition to the unlawful discriminatory conduct.

129. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

130. As a direct and proximate result of Defendants' conduct, Banks suffered and will continue to suffer damages.

## COUNT V: RETALIATION IN VIOLATION OF FMLA

131. Banks restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

132. During his employment, Banks utilized FMLA leave.

133. After Banks utilized his qualified FMLA leave, Defendants retaliated against him.

134. Defendants retaliated against Banks by terminating Banks' employment.

135. Defendants willfully retaliated against Banks in violation of 29 U.S.C. § 2615(a).

136. As a direct and proximate result of GCSO's wrongful conduct, Banks is entitled to all damages provided for in 29 U.S.C. § 2617.

### COUNT VI: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION
**(Defendants Edwards, Funk, Balonier, Anger, and Doherty)**

137. Banks restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

138. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice…"

139. Edwards, Funk, Balonier, Anger, and Doherty aided, abetted, incited, coerced, and/or compelled GCSO's discriminatory Termination of Banks.

140. Edwards, Funk, Balonier, Anger, and Doherty aided, abetted, incited, coerced, and/or compelled GCSO's discriminatory treatment of Banks.

141. Edwards, Funk, Balonier, Anger, and Doherty violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

142. As a direct and proximate result of Edwards, Funk, Balonier, Anger, and Doherty's conduct, Banks has suffered and will continue to suffer damages.

### DEMAND FOR RELIEF

WHEREFORE, Kevin Banks demands from Defendants the following:

(a) Issue a permanent injunction:

    (i) Requiring GCSO to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii)    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv)    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v)    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring GCSO to restore Banks to one of the positions to which Banks was entitled by virtue of Banks's application and qualifications, and expunge Banks's personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Banks for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Banks claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
    Trial Attorney
**SPITZ, THE EMPLOYEE'S LAW FIRM**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com

*Attorney for Plaintiff Kevin Banks*

# JURY DEMAND

Plaintiff Kevin Banks demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)

*Attorney for Plaintiff Kevin Banks*